### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN HURLEY, et al | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 18-cv-05320-JD |
| BMW OF NORTH AMERICA, LLC et al | : | |
| Defendants | : | |

### MEMORANDUM OPINION

**RICHARD A. LLORET**                                                                **April 27, 2021**
**U.S. MAGISTRATE JUDGE**

      The parties have a discovery dispute about production of documents. The dispute is described in their joint letter to the court dated February 5, 2021. Doc. No. 66. The district court referred this matter to me. Doc. No. 65. I will direct the defendant BMW to produce the documents, because they are relevant to both plaintiffs' claims and to defenses asserted by BMW, and the discovery is proportional to the needs of the case, bearing in mind the factors mentioned in Federal Rule of Civil Procedure 26(b)(1).

### FACTUAL AND PROCEDURAL BACKGROUND

      On December 10, 2018, the four remaining Plaintiffs[1] filed their Complaint. Doc. No. 1. Plaintiffs all purchased BMW vehicles with an N63 engine, which they allege consumed oil at an abnormally rapid rate. Plaintiffs also argue that BMW knew about the defective engines and instructed its dealers and service technicians to add additional engine oil during servicing. Plaintiffs' Second Amended Complaint (filed after Judge DuBois granted in part BMW's Motion to Dismiss) asserts four causes of action: breach of warranty under the federal Magnuson-Moss Warranty Act, breach of express

---

[1] On February 1, 2021, one of the five Plaintiffs who originally filed this action voluntarily dismissed his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. No. 57.

warranty under Pennsylvania law, breach of the implied warranty of merchantability under Pennsylvania law, and a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. *See* Doc. No. 44.

This discovery dispute stems from a November 19, 2020 letter to Judge DuBois. Doc. No. 56. In that letter, Plaintiffs and BMW detailed the crux of their dispute: whether BMW should be compelled to produce discovery from a previous class action lawsuit relating to defective N63 engines, *Bang v. BMW of North America, LLC*, No. 15-cv-6945 (D.N.J.).[2] *Id.* at 56. On December 11, 2020, Judge DuBois ordered BMW to produce an index of the documents produced in the *Bang* class action. Doc. No. 55; *see also* Doc. No. 65, Ex. A. While Plaintiffs originally sought all or most of the *Bang* class discovery, they narrowed their requests to three categories of documents after meeting and conferring with BMW. BMW agreed to produce one category of documents but maintained that it would not produce the other two. I held a hearing on the record on April 26, 2021 at which I heard the arguments of counsel. Doc. No. 68.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Rule directs consideration of the following factors when evaluating proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

---

[2] Plaintiffs opted out of the *Bang* class action.

*Id.* District courts retain broad power to determine how discovery will be conducted, and such determinations will be disturbed only upon a showing of abuse of discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

Here, Plaintiffs seek three categories of documents produced in *Bang*: (A) a technical training manual for the N63 engine, (B) individual customer warranty / goodwill records related to oil consumption, and (C) customer service request details of individual customers related to oil consumption. Doc. No. 66, at 4. Plaintiffs submit that the documents they seek are relevant, that other federal courts have ordered BMW to produce these documents, that there is zero burden on BMW to produce these documents because they have already been vetted and produced in *Bang*, and that the already-entered confidentiality order will protect these documents from public exposure. *Id.* at 5–6. BMW counters that the requested documents "are neither relevant nor proportional to the claims asserted here" and that plaintiffs are essentially seeking class action-like discovery for a small-scale case involving four plaintiffs. *Id.* at 2–3. BMW's counsel explained at the hearing that the manual (category (A)) detailed how dealers were to process warranty claims. BMW does not oppose production of the digitized manual, but resists producing the other two categories of documents.

First, the documents sought are relevant because they all relate to the defective N63 engine and the timing of BMW's knowledge regarding the engine's defects. As Plaintiffs point out, these documents are relevant to their breach of warranty and unfair trade practices claims and relevant, as well, to their argument that the statute of limitations was tolled by BMW's concealment of the engine defect. Doc. No. 66, at 5. BMW's argument that it has already produced documents bearing on BMW's corporate knowledge, as it pertains to the tolling issue, is germane but not dispositive.

3

Evidence comes in different forms, weights, and sizes and can have probative value for a variety of reasons. That defendants have provided some evidence of corporate knowledge bears incrementally on the probative value of other evidence of corporate knowledge that may be available. To make a trial decision about admissibility, a court would have to evaluate the relative quality and weight of the evidence already produced against the quality and weight of the evidence requested. But I am not making a trial decision about admissibility, with its fine weighing of the dangers of unfair prejudice, waste of time, and jury confusion. *See* Fed. R. Evid. 403. I am making a less finely tuned decision about relevance and proportionality in connection with a discovery dispute about whether to turn over the information for inspection by Plaintiffs.

To be clear, BMW contends that there was no oil-consumption defect with the N63 engine, and that by extension, it had no knowledge of any such defect. Plaintiffs contend there was a design or manufacturing flaw with the N63 engines in their cars that caused abnormal oil consumption. That contention is at least facially plausible. The history of consumer complaints and service requests, and BMW's responses, relating to oil consumption by the N63 engine obviously is relevant to Plaintiffs' claims and BMW's defenses.

Evidence of repeated oil-consumption problems with the same model engine may tend to make it more likely that there was a manufacturing or design problem, and perhaps more importantly, that BMW knew of a manufacturing or design problem with the engine. Fed. R. Evid. 403; 404(b)(2). Such evidence may tend to make it more likely that the oil-consumption problem was not a product of happenstance or mere chance. *Id*. Evidence of BMW's course of conduct in responding to customer complaints may tend to increase the likelihood that BMW knew of the problem and was taking active

4

steps to conceal the true nature of the problem from its customers. *Id.* In sum, the documents sought are clearly relevant. Fed. R. Civ. P. 26(b)(1).

Turning to the remainder of the analysis required under Rule 26(b)(1), there has been precious little information supplied that would suggest that production of the three categories of documents would be disproportionate to the needs of this case. At the hearing BMW acknowledged with admirable candor that there would be little expense or burden associated with the production of the three categories of documents, as they already have been digitized and indexed for production in the *Bang* litigation. Plaintiffs seek only a fraction of the documents produced in *Bang*. The issues at stake in this litigation are important to the parties and to the wider public: there is widespread litigation involving the N63 engine, as the parties' papers attest. The amount in controversy is not high, but neither is the cost of the discovery sought. BMW has access to the documents, and Plaintiffs do not. BMW has more resources than Plaintiffs. The documents stand some likelihood of being important to the resolution of issues in this case. The burden and expense of producing the documents, which is minimal, do not outweigh the likely benefits of production. *See* Fed. R. Civ. P. 26(b)(1); *see Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 563 (S.D. Cal. Jan. 2019) ("Because the requests target relevant information and the burden on BMW to produce these documents is small, the Court will ORDER BMW to produce those documents already collected and produced in the *Bang* litigation that are responsive to the requests at issue here.").

BMW's letter makes the agreeable point that "it is this Court's prerogative, right and obligation to set the contours of discovery based upon the facts, circumstances and arguments before it." Doc. No. 66, at 2. BMW then cites cases where courts denied discovery similar to that which Plaintiffs seek in this case, arguing that I should follow

the lead of those courts. *See id*. The cases cited are distinguishable. Two of these cases involved requests for documents that did not mention *Bang*; the plaintiffs were seeking new documents that had not already been produced. *See Koeper v. BMW of N. Am., LLC*, No. CV 17-6154-VAP, 2018 WL 6016915 (C.D. Cal. May 21, 2018); *Putman v. BMW of N. Am., LLC*, No. CV-17-3485-JAK, 2018 WL 6137160 (C.D. Cal. May 14, 2018). These two cases involved a greater burden on BMW. In another case cited by BMW, plaintiff sought production from *Bang* but was denied because plaintiff's vehicle did not have an N63 engine—the only type of engine that was at issue in *Bang*. *Kooner v. BMW of N. Am., LLC*, No. 17CV1940 W, 2018 WL 3956021, at *4 (S.D. Cal. Aug. 17, 2018). Here, Plaintiffs had N63 engines with oil consumption problems and are asking for discovery relating to N63 engines with oil consumption problems.

BMW also cites a transcript from a hearing in the District of Massachusetts where the judge ordered a production of *Bang* documents limited to those showing corporate knowledge of the N63 engine defects but denied a wholesale production of these documents. Doc. No. 66, at 3. I have read the transcript. I am not granting wholesale production of *Bang* documents. I am directing narrowly tailored production of three categories of documents that are relevant and proportionate to the needs of the case. It is indeed true that "it is this Court's prerogative, right and obligation to set the contours of discovery based upon the facts, circumstances and arguments before it." Doc. No. 66, at 2. The categories of documents I am ordering BMW to produce here are appropriate given the facts, circumstances, and arguments in this case.

## CONCLUSION

For the reasons explained above, I will direct BMW to produce the three categories of documents from the *Bang* litigation that Plaintiffs seek.

**BY THE COURT:**

 *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**